UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER CHIMNEY,
    *Plaintiff*,

v.

TD BANKS *et al.*,
    *Defendants*.

No. 3:21-cv-263 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

The plaintiff in this action has sued his bank and bank employees because they have failed to protect his bank account from unauthorized access and theft while the plaintiff has been imprisoned. Because it appears that the complaint does not allege a claim for relief that arises under federal law and because it appears that there is no other basis for federal jurisdiction over any potential state law claims, I conclude that the complaint is likely subject to dismissal. But before dismissing the complaint, I will allow the plaintiff an opportunity to file a response to explain why his complaint should not be dismissed or to file an amended complaint that overcomes the concerns set forth in this ruling.

### BACKGROUND

The plaintiff is Roger Chimney, and he is currently a prisoner of the Connecticut Department of Correction. The complaint names the following defendants: "TD Banks" (which I understand to be TD Bank); a manager and an employee of a branch of TD Bank in New Britain, Connecticut; and a Canadian trust that is alleged to be the parent company for TD Bank.

According to the complaint, Chimney opened a checking account at a TD Bank branch in New Britain. His social security disability checks were direct-deposited to this account. After he

1

was arrested and imprisoned in November 2019, Chimney contacted the bank to advise that no one could have access to his account except for Chimney. He also asked that his debit card and any on-line access to the account be terminated. But despite these requests, the bank failed to notify him of "strange activity" within the account, and he learned during a telephone call with a bank representative in June 2020 that the account had a negative balance. According to Chimney, the defendants failed to intervene to protect the money in his account from theft. He seeks injunctive relief as well as compensatory and punitive damages.

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Chimney may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle of law that federal courts like this Court are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts

have so-called "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have so-called "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Although Chimney cites federal civil rights law (42 U.S.C. § 1983) as the basis for his complaint, it is well-established that a plaintiff may maintain a § 1983 claim only against a defendant who has acted under color of state law. A plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to conduct that was undertaken in a state or local governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012).

Here, Chimney does not allege facts to suggest that any of the defendants are government employees or acted in a governmental capacity. All the defendants are private banking companies and their employees. Accordingly, it appears that there is no basis for Chimney's claim to proceed under § 1983. Nor do the facts as alleged appear to show a violation of any other federal law for which there is a private right of action, as distinct from a violation of state law such as for a claim of negligence or breach of contract. *See, e.g.*, *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793 (2d Cir. 2011) (discussing state law claims for bank's alleged mismanagement of bank account).

As for any state law claims, the complaint here does not allege facts to show that this Court would have diversity jurisdiction. First, the facts alleged suggest that both Chimney and two of the defendants—the manager and employee at the TD Bank branch in New Britain—are citizens of the same State (Connecticut) rather than citizens of different States. Second, although

3

Chimney demands that the defendants pay him large amounts of money, the complaint does not allege facts to suggest that they caused him more than the required $75,000 of damages.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal for failure to allege any plausible grounds for relief under federal law or to allege any state law claim that is subject to the jurisdiction of a federal court. The Court will allow Chimney an opportunity to file a response by **March 19, 2021** to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations that overcome the concerns stated in this ruling. Alternatively, if Chimney agrees in light of this ruling that this action may not proceed in a federal court, then he may file a motion to withdraw this action. The Court notes that any dismissal or withdrawal of this federal court action would be without prejudice as to any state law claim that Chimney might wish to file in the state courts of Connecticut and subject to their rules.

It is so ordered.

Dated at New Haven this 5th day of March 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge